UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Courtney Motley, | Case No. 2:23-cv-00624-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Carlos Silva, et al., | |
| Defendants. | |

Presently before the court is pro se Plaintiff's third motion for appointment of counsel. ECF No. 46. Defendants Nogel and Silva opposed. ECF No. 49.

**I.   ANALYSIS**

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (Section 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (Section 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (Section 1983 action). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Palmer*, 560 F.3d at 970; *$292,888.04 in U.S. Currency*, 54 F.3d at 569; *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (Section 1983 claims). Appointment of counsel may be justified when proceedings will go

forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Plaintiff explains he needs counsel in order to "get the proper NRS as to case law" and "articulate a federal tort properly." He also explains he is limited in his ability to attend the law library. During the hearing he explained he is able to go to the library once a week. He also explains that he needs counsel for purposes of opening statements and closing arguments. The rest of the motion deals with procedural aspects that have been addressed in the omnibus order regarding extension of deadlines and the consolidation of cases.

As to the first prong, Plaintiff has been able to articulate several claims. While it is early to determine how successful his claims will be, he still satisfies this first prong.

As to the second prong, Plaintiff has demonstrated that he has been able to assert claims in three different cases (which have all now been consolidated into this case) without the help of counsel and that he has been able to navigate procedural hurdles in all three cases. It is important to note that most individuals in Plaintiff's position have limited ability to go to the law library. Moreover, at this juncture, it is not clear whether the case will go to trial (and require counsel for opening statements and closing arguments) as summary judgment motions are not due for a while.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 46) is DENIED without prejudice.

DATED: December 17, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE