# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Courtney Motley, | Case No. 2:23-cv-00624-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Carlos Silva, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Pro Bono Counsel and to Stay the Case, which the Court interprets as a Motion for Appointment of Counsel. ECF No. 65. Defendants responded at ECF No. 67. Plaintiff did not reply. For the reasons discussed below, the Court denies the motion without prejudice.

**I.   BACKGROUND**

Plaintiff brings a claim under 42 U.S.C. § 1983 asserting the following constitutional violations: Fourth Amendment false arrest, Fourth Amendment excessive force, Fourth Amendment unreasonable search and seizure, and Fourteenth Amendment racial profiling. He also asserts the following claims under state law: slander, defamation, intentional and negligent infliction of emotional distress. Plaintiff's claims have been screened. ECF No. 53. Plaintiff is currently incarcerated and brings this motion alleging he has "bipolar depression" and schizophrenia making it difficult for him to articulate his claims. ECF No. 65.

Defendant responds asserting Plaintiff's claims are not overly complex, that he has not demonstrated a likelihood of success on the merits, and that he has not articulated a nexus between his mental health conditions and his ability to articulate his claims. ECF No. 67.

**II.   DISCUSSION**

A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Civil litigants do not have a constitutional right to counsel when asserting 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

1  However, a court may appoint counsel under "exceptional circumstances" in its discretion.
2  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether
3  exceptional circumstances exist, courts must consider "[1] the likelihood of success on the merits
4  as well as [2] the ability of the petitioner to articulate his claims pro se in light of the complexity
5  of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Neither prong
6  is dispositive, and both must be considered together. *Id.*

7  The Ninth Circuit has indicated that plaintiffs demonstrate a likelihood of success where
8  they articulate a cognizable claim for relief. *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir.
9  2016). Nevada district courts have found a likelihood of success established where a screening
10 order indicates the plaintiff successfully stated colorable claims. *Gardeley v. Dzurenda*, No. 3:24-
11 CV-00234-ART-CLB, 2025 WL 635458, at *1 (D. Nev. Feb. 27, 2025). However, the Supreme
12 Court has held there cannot be a likelihood of success where judgment in favor of the Plaintiff
13 would imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487
14 (1994). Section 1983 actions "are not appropriate vehicles for challenging the validity of
15 outstanding criminal judgments." *Id.* at 486.

16 Whether incarcerated plaintiffs have demonstrated an ability to articulate their claims is
17 fact intensive. *Bryson v. Zuniga*, No. 2:20-CV-00089-CDS-BNW, 2022 WL 21756792, at *2 (D.
18 Nev. May 23, 2022). Courts look at factors such as a plaintiff's ability to respond to court
19 directives, understand procedural processes, and articulate claims. *See id.*; *see also Hernandez v.*
20 *Aranas*, No. 2:18-CV-00102-JAD-BNW, 2020 WL 569347, at *6 (D. Nev. Feb. 4, 2020).

21 Here, Plaintiff has demonstrated a likelihood of success on the merits. Plaintiff's
22 complaint has been screened and this Court found he has articulated several cognizable claims.
23 ECF No. 53; *Gardeley,* 2025 WL 635458, at *1; *Tilei v. McGuinness*, 642 F. App'x at 722.
24 Although Defendant is correct in noting that Plaintiff's claims may be precluded to the extent
25 they imply his criminal conviction, *Heck* will not bar all of the claims at issue in this suit. *See*
26 *Heck v. Humphrey*, 512 U.S. at 487.

27 Plaintiff has demonstrated the ability to litigate his claims throughout the duration of this
28 case. This Court reviewed the recording of the December 16, 2024, hearing, which dealt with

Plaintiff's last motion for appointment of counsel (ECF No. 46). During the hearing, Plaintiff was able to articulate his concerns and arguments clearly and was also able to answer questions regarding the consolidation of cases. Indeed, Plaintiff successfully sought the consolidation of yet another case, 2:24-cv-00735-APG-DJA, into this one and an extension of deadlines for service of process. *See Hernandez*, 2020 WL 569347, at *6. Lastly, Plaintiff demonstrated the ability to decipher which defendants should be dismissed from the case. *See id*.

Because Plaintiff has demonstrated the ability to articulate his claims thus far despite any mental-health condition he may be suffering from, this Court denies the motion without prejudice. *See Bryson*, 2022 WL 21756792, at *2.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 65) is **DENIED** without prejudice.

DATED: April 28, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE