**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Courtney Motely, | Case Nos. 2:23-cv-00624-RFB-BNW |
| Plaintiff, | 2:24-cv-00735-APG-DJA |
| | 2:24-cv-00981-CDS-MDC |
| v. | |
| Carlos Silva, et al., | **ORDER** |
| Defendants. | |

Before this Court are two motions filed by Plaintiff. The first one is a motion to compel discovery. ECF No. 85. Defendants opposed at ECF No. 89. Plaintiff did not file a reply. Next is Plaintiff's motion in limine. ECF No. 88. Defendants opposed. ECF No. 90. Plaintiff did not file a reply. The parties are familiar with the arguments. As a result, this Court only incorporates them as necessary and relevant to the analysis. For the reasons discussed below, this Court denies both motions.

**I.     BACKGROUND**

Plaintiff sues Las Vegas Metropolitan Police Department Officers and Investigators Silva and Nogle related to the events surrounding his arrest, and he sues Ms. Rubin related to events that took place prior to his arrest. After screening his complaint, this Court found Mr. Motely would be able to proceed with the following claims: (1) false arrest; (2) excessive force; (3) slander; (4) intentional infliction of emotional distress ("IIED"); and (5) negligent infliction of emotional distress ("NIED"). ECF Nos. 53 and 80. Plaintiff has since moved for summary judgment, and his motion is pending. ECF No. 83. The deadline for Defendants to file a motion for summary judgment remains open. *See* ECF No. 53 (dispositive motions due August 14, 2025).

**II.    ANALYSIS**

**A. Motion to compel production of body camera footage**

Discovery under the Federal Rules of Civil Procedure is governed by Rule 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1). A propounding party may move for an order compelling disclosure or discovery pursuant to Rule 37(a). Any motion to compel brought pursuant to Rule 37 must include a certification by the moving party that he met and conferred, or attempted to meet and confer, with the person or party alleged to have failed to properly produce or respond to the discovery at issue in order to try and resolve the matter without court intervention. *Id*.

Here, Plaintiff seeks to compel Officer Manzanedo's body worn camera footage for August 18, 2021. Defendants assert Officer Manzanedo did not activate the body worn camera during the incident involving Plaintiff. ECF Nos. 89 at 6, 89-1, and 89-2. The parties met and conferred regarding this issue.

A "court cannot order a party to produce documents that do not exist." *Porter v. Gore*, Case No. 18-CV-1221-GPC-LL, 2020 WL 1493615, at *5 (S.D. Cal. Mar. 27, 2020) (internal citations and quotation marks omitted); *Harris v. Dreesen*, No. 2:22-CV-01231-JAD-EJY, 2023 WL 7496846 * 1 (D. Nev. Nov. 9, 2023). Given Defendants' representations, Plaintiff's request is denied.

### B.  Motion to compel appearance of specific witnesses

Plaintiff requests that this Court compel the appearance of certain witnesses at trial. First, the request is premature as there may be dispositive motions filed which, in turn, might narrow the number of claims (and which witnesses may be needed). In addition, should the need arise in the future (after the resolution of dispositive motions) for Plaintiff to subpoena the presence of certain witnesses for trial, this Court directs Plaintiff to Rule 45, which controls this issue. As a result, this request is denied without prejudice.

### C.  Motion in limine

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in

limine are a well-recognized judicial practice authorized under case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The court's power to rule on motions in limine stems from its "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). In limine rulings are provisional and "are not binding on the trial judge[ ] [who] may always change his mind during the course of a trial." *Ohler*, 529 U.S. at 758 n.3. In addition, motions in limine will not be considered unless the parties have participated in the meet-and-confer process. LR 16-3(a),

Plaintiff seeks to preclude Defendants from testifying concerning what the officers witnessed during Plaintiff's apprehension and arrest.

As with the motion to compel, this motion is premature as dispositive motions have not yet been filed, making it unclear which (if any) claims will move forward. Moreover, the parties have not met and conferred on this matter. As a result, the motion is denied, without prejudice, and subject to renewal if any of Plaintiff's claims survive summary judgment.

### III.   CONCLUSION

**IT IS THEREFORE OREDERED** that Plaintiff's motion to compel (ECF No. 85) is **DENIED** as to the production of video footage and **DENIED** without prejudice as to the request to compel the appearance of witnesses at trial.

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine (ECF No. 88) is **DENIED** without prejudice.

DATED: July 29, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE